IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40559
Summary Calendar
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CESAR ENRIQUE GLORIA-COLUNGA,

                              Defendant-Appellant.

* * * * * * * * * *
CONSOLIDATED WITH
02-40560
* * * * * * * * * *

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CESAR ENRIQUE COLUNGA,

                              Defendant-Appellant.


--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-01-CR-1102-ALL & 5:00-CR-506-1)
--------------------
January 27, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.


PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendant-Appellant Cesar Gloria-Colunga (Gloria) appeals the 70-month prison sentence and four-year term of supervised release imposed following his plea of guilty to the charge of possession of more than 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(B). He also appeals the revocation of a previously-imposed probation sentence for possession of marijuana, pursuant to 21 U.S.C. § 844.

Gloria contends, for the first time on appeal, that 21 U.S.C. § 841(b)(1)(A) and (B) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As he concedes, however, his argument is foreclosed by circuit precedent; he raises the issue only to preserve it for Supreme Court review. See United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). We therefore reject Gloria's Apprendi argument.

Gloria also asserts that the written judgment on the probation revocation incorrectly reflects that he admitted all six violations of probation conditions with which he was charged. He asks that the district court amend the written judgment pursuant to FED. R. CRIM. P. 36. Although the record reflects that Gloria did not actually plead true to all six violations, his guilty plea to possession of cocaine with intent to distribute does constitute a judicial admission that he committed a new offense and possessed a controlled substance. We therefore vacate the judgment in the revocation action, No. 02-40560 and remand the case for the limited

purpose of allowing the district court to amend its written judgment to conform with the actual proceedings.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR AMENDMENT OF JUDGMENT.

S:\OPINIONS\UNPUB\02\02-40559.0.wpd
4/29/04  10:12 am